UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNALD HUBBARD,

        Petitioner,                              Case Number: 19-cv-11290
                                                          Honorable Linda V. Parker

v.

MELINDA BRAMAN,

        Respondent.
_____/

**<u>OPINION AND ORDER
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT
PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY</u>**

      Michigan state prisoner Donnald G. Hubbard filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for marijuana-related offenses. Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. Petitioner has not exhausted his state court remedies and the petition will be dismissed without prejudice on that basis.

      Petitioner was charged in Tuscola County Circuit Court with three drug-related offenses. Petitioner does not identify the exact charges against him. He claims that the charges were "not specified no crime specified/no criminal citation – no accusation." (Pet., ECF No. 1, PgID 5.) Nevertheless, he states that he pleaded guilty to two counts and that a third was dismissed. *See id.* On March 4, 2019, he was sentenced to one year,

one month to seven years imprisonment.[1]  Petitioner filed this habeas petition on May 3, 2019.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust available state court remedies. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See O'Sullivan*, 526 U.S. at 842.  A prisoner satisfies the exhaustion requirement by fairly presenting his federal claims to all levels of the state appellate system, including the state's highest court. *See id.* at 847-48; *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  The petitioner bears the burden of showing that state court remedies have been exhausted. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).  In this case, Petitioner has not met his burden.

Petitioner does not state that he filed an appeal in state court.  A review of the Michigan state courts website shows that Petitioner has not appealed his conviction to the Michigan Court of Appeals or Michigan Supreme Court. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (courts may take judicial notice of

---

[1] The Michigan Department of Corrections' Offender Tracking Information System ("OTIS") shows that Petitioner was sentenced for delivery/manufacture of 5 to 45 kilograms of marijuana in violation of Mich. Comp. Laws § 333.7401(2)(d)(ii).  Although Petitioner states he pleaded guilty to two charges, only one conviction is listed on OTIS.  This discrepancy need not be resolved to determine whether Petitioner exhausted his state court remedies.

proceedings in other courts).  Petitioner must exhaust his state court remedies before seeking habeas relief in federal court.

Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus **WITHOUT PREJUDICE**.  The Court finds no reasonable jurist would debate the Court's conclusion that the petition should be summarily dismissed without prejudice, so a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2).  If Petitioner nonetheless chooses to appeal, he may proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 14, 2019, by electronic and/or U.S. First Class mail.

s/ K. MacKay
Case Manager